# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

CARLOS BROWN,

       Plaintiff

v.

NCO FINANCIAL SYSTEMS, INC.,

      Defendant

)
)
)
)
)
)
)
)
)
)
)

**Case No.:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

## COMPLAINT

CARLOS BROWN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant has its corporate headquarters in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

1

**PARTIES**

5.    Plaintiff is a natural person residing in Philadelphia, Pennsylvania.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.    Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, PA 19044.

8.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.    At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11.    Upon information and belief, the debt arose out of transactions that were primarily for personal, family, or household purposes.

12.    Beginning on or around April 9, 2011, and continuing through December 5, 2011, Defendant contacted Plaintiff on a repetitive and continuous basis on his cellular telephone in its attempts to collect a debt.

13.    Many of Defendant's calls to Plaintiff originated from (800) 515-8572, which the undersigned has confirmed is a telephone number belonging to Defendant.

14.    Defendant contacted Plaintiff, on average, twice per day, and, on occasion, contacted him as frequently as four times in a single day.

15.    On multiple occasions, Defendant contacted Plaintiff at times which were inconvenient for Plaintiff to receive collection calls, specifically contacting Plaintiff prior to

8:00 a.m.

16.     For example, on November 9, 2011, Defendant called Plaintiff at or around 7:00 a.m.

17.     Also, on December 3, 2011, Defendant called Plaintiff at approximately 7:30 a.m.

18.     Most recently, on December 5, 2011, Defendant contacted Plaintiff on his cellular telephone in an attempt to collect a debt.

19.     Furthermore, in at least one instance where Plaintiff spoke with one of Defendant's representative, Defendant's representative threatened Plaintiff that he would be sued if he did not pay the alleged debt.

20.     Upon information and belief, at the time Defendant threatened to commence legal action against Plaintiff, it did not intend to take such action, and to date, Defendant has not taken any legal action against Plaintiff.

21.     Lastly, in its attempts to collect a debt from Plaintiff, in addition to making continuous and repeated collection calls to Plaintiff, Defendant also sent Plaintiff correspondence seeking and demanding payment of the alleged debt.

22.     Specifically, on April 9, 2011, Defendant sent Plaintiff correspondence stating that the creditor "has placed [an] account with [its] office for collection." See Exhibit A, Defendant's April 9, 2011, letter to Plaintiff.

23.     However, Defendant then claimed that if Plaintiff "choose[s] not to respond to this notification, [NCO] will assign [his] account to a collector with instructions to collect the balance." See Exhibit A.

24.     Defendant's letter was written to confuse and mislead Plaintiff as to whether this

3

account was in collections.

25.     Upon information and belief, at the time that Defendant sent the April 9, 2011 letter, Plaintiff's account was already in collections and Defendant was actively attempting to collect on the account.

## CONSTRUCTION OF LAW

26.     The FDCPA is a strict liability statute.  Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."  Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

27.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts interpret it liberally.  Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer."  Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

28.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard.  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous,

and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id.  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

29.     In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

   a.  Defendant violated the FDCPA generally;

   b.  Defendant violated §1692c(a)(1) of the FDCPA when it communicated with Plaintiff at a time or place that it knew or should have known was inconvenient;

   c.  Defendant violated §1692d of the FDCPA when it harassed, oppressed or abused Plaintiff in connection with the collection of a debt;

   d.  Defendant violated §1692d(5) of the FDCPA when caused Plaintiff's phone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff;

   e.  Defendant violated §1692e of the FDCPA when it used false, deceptive, or misleading representations or means in connection with the collection of a debt;

   f.  Defendant violated §1692e(5) of the FDCPA when it threatened to take action

5

that it did not intent to take;

g.  Defendant violated §1692e(10) of the FDCPA when it used false and deceptive means in attempting to collect a debt; and

h.  Defendant violated §1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt.

WHEREFORE, Plaintiff, CARLOS BROWN, respectfully prays for a judgment as follows:

a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CARLOS BROWN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 12/23/11

By: _____
Craig Thor Kimmel
Attorney ID No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email:    kimmel@creditlaw.com

6

P O BOX 15630
DEPT 99
WILMINGTON DE 19850

**NCO FINANCIAL SYSTEMS, INC.**

507 Prudential Road, Horsham, PA 19044

800-515-8572
OFFICE HOURS(ET):
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Apr 9, 2011

Calls to or from this company may be monitored
or recorded for quality assurance.

2Z0BAB
CARLOS BROWN

CREDITOR: MASON EASY PAY
CREDITOR'S ACCOUNT #:          8828      02E
REGARDING: 02 - SC-MASON EASY PAY
CURRENT BALANCE DUE: $ 86.89

The named creditor has placed this account with our office for collection. It is important that you forward payment in full.

If you choose not to respond to this notification, we will assign your account to a collector with instructions to collect the
balance.

To assure proper credit, please put our internal account number 2Z0BAB on your check or money order and enclose the lower
portion of this letter, or a copy thereof, with your payment. If you need to speak to a representative, contact us at 800-515-
8572.

Returned checks may be subject to the maximum fees allowed by your state.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is C2Z0BAB9-
9C7J92O. To receive future notices for the account(s) by e-mail, visit www.ncofinancial.com for details.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion
thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice,
this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or
verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the
name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This is a
communication from a debt collector.
PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Our Account # | Creditor's Account # | Current Balance Due |
|---|---|---|
| 2Z0BAB | 8828      02E | $ 86.89 |

CARLOS BROWN

Payment Amount

$

Check here if your address or phone number has
changed and provide the new information below.

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 15740
WILMINGTON, DE 19850-5740

NOOP A
3660

0199002Z0BAB90000000100000000000086899

